Mark A. Costantino, J.
Plaintiff moves for an order directing judgment in favor of the plaintiff and against the defendant pursuant to rule 112 of the Rules of Civil Practice. This is an action for the alleged wrongful payment of a check drawn by plaintiff on defendant bank and certified by defendant before issuance thereof. Among the allegations of the complaint plain *768 tiff avers that the name of the payee was, upon information and belief, fraudulently indorsed and forged thereon, and that a third-party indorsement was made, upon information and belief, without proper authorization from the payee. Defendant admits certification and payment of the check and charging the amount thereof to the plaintiff’s account and that payment thereof was made through regular banking channels. However, defendant denies it has any knowledge or information sufficient to form a belief as to certain material allegations of the complaint, principally as to the forged, fraudulent and unauthorized indorsements on the reverse side of the check. This in itself is sufficient to raise triable issues of fact which preclude granting this motion.
Plaintiff attacks defendant’s denials predicated upon lack of knowledge and information sufficient to form a belief and declares them, with respect to the specific allegations of the complaint, to be specious and without legal validity, both as to form and substance.
When defendant is not able to deny positively the allegations of the complaint for lack of knowledge or information, he is permitted to put his denial in the form that he denies that he has any knowledge or information sufficient to form a belief of the allegations of the complaint, or of specified allegations of the complaint (3 Carmody, New York Practice, p. 2043, § 982). Defendant rightfully contends that plaintiff’s complaint, even though verified, does not establish the truth of plaintiff’s statements, nor does it establish the truth of plaintiff’s conclusions as to the cashing of the check in New Jersey. It is interesting to note that paragraph 7 of the complaint, which is the crux of this action, is based on information and belief and the plaintiff of necessity must be put to his proof of this very material allegation. Defendant is entitled to deny it has knowledge or information sufficient to form a belief as to matters not within defendant’s knowledge and to put plaintiff to his proof on matters peculiarly within his own knowledge (Verity v. Peoples State Bank, 1 A D 2d 833; Newman v. Newark Fire Ins. Co., 281 App. Div, 852; Segal v. National City Bank of N. Y., 269 App. Div. 986).
I concur with the defendant’s contention that plaintiff should be put to his proof and that defendant is entitled to have that proof established before any determination of the issues herein and, accordingly, the motion is denied.
In the companion motion by the defendant and third-party plaintiff against third-party defendant for an order directing-judgment over in favor of third-party plaintiff against third- *769 party defendant, pursuant to rule 112 of the Buies of Civil Practice, to the extent that judgment may be rendered in favor of plaintiff against defendant and third-party plaintiff, pursuant to rule 112 of the Buies of Civil Practice, in light of the court’s decision denying plaintiff’s motion, this motion must be denied.
Settle order on notice.